CITY OF ST. LOUIS, Appellant, *v.* ST. LOUIS RAILROAD COMPANY,
Respondent.

1. *Street railroads — Street between tracks, repairs of.*—Under section 3 of the
act of March 3d, 1869, regulating the amount of taxes to be paid by street
railroads of the city of St. Louis (Sess. Acts 1869, p. 207), corporations having
parallel tracks on the same street are not liable for the expense of repairing
the street between the tracks.

*Appeal from St. Louis Circuit Court.*

*E. P. McCarty*, City Counselor, for appellant.

*E. C. Kehr*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The defendant operates its road on Fifth street, in the city of
St. Louis, on two parallel tracks separated from each other by a
space of three and a half feet, and in this space the city caused
repairs to be made, and now seeks to hold the defendant liable for
the cost of these repairs. The agreed case shows that the repairs
in question were made subsequent to the act of the general
assembly of the 3d of March, 1869, relied on by the defendant
as exempting it from responsibility for such repairs. The third
section of this act provides that " in addition to the annual tax
herein provided, each of said railway companies shall pay a
license to the city of St. Louis, to be fixed by ordinance of said.
city, not exceeding twenty-five dollars per annum for each car
run by said companies respectively, and the taxes and license
payable under the provisions of this act shall be in lieu of all
taxes, burdens and expenditures and repairs of streets outside
of their track, required of such companies by former laws and
ordinances."

The sixth section of this act requires each company to file with
the Secretary of State a written acceptance of its provisions before
it becomes operative as to such company. The agreed case does
not affirmatively show that this company had filed the required
written acceptance. But as the act is set up as a defense by
the company, and nothing to the contrary is shown in the agreed

case, we will, for the purposes of this suit, presume that the written acceptance referred to was filed with the Secretary of State. It is conceded that the defendant would be liable for the alleged repairs unless exempted by the provisions of the third section above quoted.

It seems to me that the language of the exemption clause is too plain to admit of a reasonable doubt as to its proper construction. Where a street railroad operates but one track, it is not pretended that it would be liable for repairs outside of such single track. The simple question is whether the space between the two parallel tracks is outside of each of the tracks. It is very clear to my mind that such space is not inside of either track, but is between the two tracks, and outside of each. Under this view the defendant was not liable for the alleged repairs.

Let the judgment be affirmed. The other judges concur.